CHARLES W. HERSEY et al., Appellants, *v.* MARY L. FISHER, et al., Respondents.

(Argued October 13, 1882 ; decided October 24, 1882.)

THIS action was brought to recover money claimed to be due upon a contract for the sale of land to the defendant Gould. The contract was dated on the 1st day of April, 1874, and provided for the sale of ten thousand acres of land situated in the counties of Lewis and Herkimer. The land sold had very little value except on account of the timber and bark thereon. Gould, the vendee in the contract, agreed to pay for the land the sum of $17,500, in the following manner: "$1,000, annually for the first five years from the date of the contract, then $1,500 annually thereafter, with interest on the whole amount unpaid at the time each respective payment becomes due from the date of this contract. It is also un-

derstood between the aforesaid parties that for each thousand feet of hemlock cut on said tract of land said second party to pay first parties twenty-five cents and for each thousand feet of spruce to pay one dollar per thousand feet, said amount to apply as payment on this contract, said timber to remain the property of said first parties till paid for."

The sole question was as to the construction of the contract. The claim on the part of the defendants was that the price of the timber authorized to be cut under the contract was to be applied first upon the installments as they fell due and then upon the balance unpaid upon the contract, and under that construction nothing is due to the plaintiffs upon the contract. On the contrary the plaintiffs claimed that Gould was to pay the annual installments and in addition thereto the prices named for timber cut upon the land, and under that construction there was at the commencement of this action due upon the contract $3,500.

The court say : "While the matter is not entirely free from doubt we are inclined to the opinion that the plaintiff's claim has the best support in the contract viewed as a whole. It is distinctly and unqualifiedly provided that the annual installments shall be paid, and then that in addition thereto the prices specified shall be paid for the timber cut upon the land. Both kinds of payments were required to be made and the provision is that the prices paid for timber cut were to apply as payments on the contract. It is not said that they were to apply as payments on the installments. It appears that the prices per thousand feet stipulated to be paid for timber cut were not the full value of the timber. The timber along Moose river was conceded to be worth $2.50 per thousand feet. As the timber was more distant from the river it diminished in value, so that the most distant timber upon the lots was worth but twenty-five cents per thousand feet. The construction contended for by the defendants would probably enable Gould to cut off all the most valuable timber and pay for the whole land with the property of the vendors without advancing a single dollar of his own money. This was not probably contemplated by the parties. Or he could cut off a large share of the most valuable timber and by paying the small prices named in the contract,

and a few of the installments as they fell due, make a very large profit and then abandon his contract ; and it is fair to assume that the vendors meant to provide against such a contingency.    They retained title to the timber cut, and there are other stipulations in the contract showing that they were careful to guard their rights and to secure themselves against any loss or wrong on the part of the vendee.    It is reasonably clear that they meant that the vendee should pay the annual installments and also pay the stipulated prices for timber cut."

*Francis Kernan* for appellants.

*C. D. Adams* for respondents.

*Per curiam* opinion for reversal and new trial.
All concur, except TRACY, J., taking no part.
Judgment reversed.